

555 Fifth Avenue, 17th Floor
New York, New York 10017
212-856-7210 PH
212-856-7211 FX
dhc@dhcavanaugh.net
www.dhcavanaugh.com

January 21, 2015

**By ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

        Re:    Wallert v. Atlan, et al.
               14 Civ. 4099 (PAE)

Dear Judge Engelmayer:

      We represent the Plaintiff in the above-captioned matter.  We are writing with respect to a Rule 68 Offer of Judgment (the "Offer") served on Plaintiff on January 12, 2015 by Defendant Universal Music Publishing, whom its counsel has stated was incorrectly sued herein as Universal Music Publishing MGB France and BMG Music Publishing France (hereinafter referred to as "Universal France").  Plaintiff's acceptance or rejection of the Offer is due by January 26, 2015.  For the reasons set forth herein, we respectfully request that the Offer be deemed ineffective, or that its effective date be suspended until the end of discovery discussed herein.

      This is an action for copyright infringement involving musical compositions.  The original Complaint was filed on June 6, 2014, and pursuant to leave of court, an Amended Complaint was filed on July 17, 2014.  Pursuant to further leave of court, a Second Amended Complaint was filed on October 17, 2014, and subsequently served on all Defendants not already served with the prior complaints.  To date, no Defendant has answered, there has been no initial conference nor has there been any discovery.

      Since the beginning of this case, Plaintiff has been in discussions with the counsel for various Defendants in the case for settlement or dismissal, and with respect to several Defendants both have been achieved.

      There are several Universal entities involved with the infringing composition "Starlight" (the "Infringing Song").  This composition was allegedly written by Defendants Atlan and Benichou and published by Universal France.  It appears that Universal France has collected royalties for sales and performances of the Infringing Song throughout the world.  Universal France has collected royalties in the United States through Defendant Universal Music – MGB

Hon. Paul A. Engelmayer
United States District Judge
January 21, 2015
Page 2 of 3

Songs, a division of Universal Music – MGB NA LLC (hereinafter referred to as "U.S. Universal"). The same counsel is representing all Universal entities in this case. On November 14, 2014, counsel for U.S. Universal served Plaintiff with an offer of judgment with respect to that Defendant only, which Plaintiff subsequently accepted.

Plaintiff's assessed the reasonableness of the offer from U.S. Universal by reviewing the accounting of U.S. royalties provided to us by counsel. The review of those accountings revealed that the monies collected were minimal and enabled Plaintiff to accept U.S. Universal's Offer of Judgment for U.S.-origin royalties.

The U.S. royalties represent only a small fraction of the total worldwide publishing royalties that Universal France has received on the Infringing Song. Plaintiff's investigations to date indicate that the record containing the Infringing Song had substantial sales and public performances throughout Europe and elsewhere. The potential damages that may be recoverable from Universal France are therefore likely to be much higher than the amount of the Offer made on behalf of Universal France.

Rule 68, F.R.C.P., is designed to encourage reasonable offers that will be attractive to plaintiffs. *See, e.g.*, *McDowall v. Cogan*, 216 F.R.D. 46, 47 (E.D.N.Y. 2003) (ellipsis in original) (quoting *Marek v. Chesny*, 473 U.S. 1, 5 (1985)). "The hope is that the existence of Rule 68 will encourage plaintiffs to accept *reasonable* settlement offers rather than forcing defendants through the expensive process of going to trial." *Id*. (emphasis in original) (citation and internal quotation marks omitted).

There are three measures of potential damages for copyright infringement: plaintiff's actual damages, defendant's profits, and statutory damages which take into account the other two in their calculation. Where the infringement involves the sales of sound recordings embodying the infringing song and the collection of royalties for these sales, along with royalties for the public performance of the song, all information upon which a calculation of damages may be based are in the hands of the defendants and third parties. Therefore, Plaintiff cannot assess the reasonableness of Defendant's offer without having the benefit of the discovery to which it is entitled.

In a copyright case such as this, the chilling effect of the Offer is magnified to an unreasonable level due to the potential shifting of attorneys' fees. An offer of judgment before any discovery has been taken creates the wrong circumstances within which the Plaintiff can consider the Offer and negates the purposes of Rule 68. It forces a plaintiff to abandon its case before it knows the full extent of its potential damages. Such a premature offer can thus unreasonably intimidate a plaintiff into accepting an offer that may be vastly out of proportion to the damages it could recover. It deprives the plaintiff of the reasonable pursuit of his remedies for the defendant's infringing acts.

Hon. Paul A. Engelmayer
United States District Judge
January 21, 2015
Page 3 of 3

      The need for discovery has been recognized as necessary where a plaintiff cannot determine the full extent of its damages without it.  *See*, *e.g.*, *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir., 2012) (lack of discovery regarding plaintiff's actual damages a factor in determing whether the offer of judgment unequivocally offers the plaintiff all it might obtain in judgment); John P. Woods, *For Every Weapon, a Counterweapon: The Revival of Rule 68,* 14 Ford. Urban L. Rev. 283, 303 n. 106 (1985) ("This is not to say that there are not some types of litigation such as antitrust where the plaintiff will need to have some discovery from the defendant to have an accurate idea of what he might win at trial.  The built-in safeguard is that in those cases, the defendant will also need discovery from the plaintiff to make an intelligent offer which stands a reasonable chance of exceeding the ultimate verdict.").

      There has been no discovery herein to date.  The two Defendants with the most information regarding all revenues received with respect to the Infringing Song, Atlan and LaFesse Records, have not responded to the Second Amended Complaint.  Plaintiff will ultimately seek default judgments against them using whatever information can be obtained to calculate an award of damages.  Universal France is thus the single source of the best possible information on both the sales and public performances of the Infringing Song.

      Based on all of the foregoing, Plaintiff respectfully submits that the Offer be deemed ineffective, or in the alternative, that its effective date be suspended until such time as Plaintiff until the close of discovery herein.

      We appreciate Your Honor's favorable consideration of this request.

                                      Respectfully submitted,

                                      D H CAVANAUGH ASSOCIATES

                                          /Dennis H. Cavanaugh/
                            By:_____
                                        Dennis H. Cavanaugh