919 THIRD AVENUE  NEW YORK, NEW YORK 10022-3908                                  **JENNER&BLOCK** LLP

February 4, 2015

Andrew H. Bart
Tel  212 891-1645
Fax 212 909-0805
abart@jenner.com

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Re:  *Wallert v. Atlan, et al.*, 14 Civ. 4099 (PAE), Opposition to Plaintiff's Letter Request for Leave to File a Third Amended Complaint and Defendants' Request for Extension of Time

Dear Judge Engelmayer,

  We are counsel for Defendants Universal Music Publishing, Universal Music-MGB NA LLC, and Universal Music Group, Inc. (collectively, "Defendants"). We write to respond to Plaintiff's most recent letter dated February 2nd, 2015, which purports to request leave to file a Third Amended Complaint by letter (ECF 66). This request should be summarily rejected for non-compliance with Rule 3.I of the Court's Individual Rules and Practices in Civil Cases ("Individual Rules"), Rule 7.1(d) of the S.D.N.Y. Local Rules ("Local Rules"), and the Rule 13.1 of the S.D.N.Y. Electronic Case Filing Rules ("ECF Rules"). The Court's Individual Rule 3.I and Local Rule 7.1(d) only permit the filing of a letter motion if it complies with the S.D.N.Y.'s ECF Rules. ECF Rule 13.1 allows 13 types of motions to be made by letter and informs the filing user that if a type of motion does not appear on the list, the motion may not be made by letter. A Motion for Leave to File an Amended Complaint is not among the list of 13 types of motions. Accordingly, we respectfully submit that the Court should direct Plaintiff to file any motion for leave to amend in accordance with Local Rule 7.1, with a notice of motion, a memorandum of law, and any supporting affidavits or exhibits, including his proposed amended pleading. This will allow the Court and the parties to have full notice of the exact amendments the Plaintiff proposes making in his fourth bite at the apple.

  Additionally, Defendants must respectfully request an extension of the February 9 deadline by which Defendants must submit a response to the Second Amended Complaint. Mindful of the Court's statement on January 6, 2015 that the parties should not expect any further extensions, Universal Music Publishing, a French company, has been in the process of preparing a motion to dismiss for lack of personal jurisdiction. At the same time, Universal Music-MGB NA LLC, and Universal Music Group, Inc. (the "U.S. Universal Defendants") have relied on Plaintiff's agreement in writing to settle his claims against them for $1,000.00—the most recent statement of which was included in Plaintiff's own letter to the Court on January 21, 2015 (ECF 64). Based upon Plaintiff's agreement to settle with the U.S. Universal Defendants,

we prepared and sent to Plaintiff's counsel a draft agreement memorializing the terms of the parties' settlement. On February 2, 2015, however, Plaintiff filed its request to file a Third Amended Complaint without any notice to Defendants. Plaintiff's February 2 letter was ambiguous both regarding what the substance of any operative pleading will be and whether Plaintiff has reneged on his unequivocal agreement to settle with the U.S. Universal Defendants. Plaintiff's counsel has not responded to multiple inquiries by us about the status of executing the settlement agreement. Because of the uncertainty created by the February 2 letter, Defendants respectfully request that Defendants' time to respond to Plaintiff's pleading be extended to three weeks after the Court denies a motion by Plaintiff to file the Third Amended Complaint or such pleading is filed, whichever is later.

      The U.S. Universal Defendants have made four prior requests for an extension. Universal Music Publishing has made two prior requests for an extension.

Respectfully Submitted,

*Andrew H. Bart*

Andrew H. Bart

cc:   All Counsel (By ECF)