UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHARLES WALLERT,

                             Plaintiff,

            -v-

GUILLAUME JEAN ATLAN, et al.,

                            Defendants.
------------------------------------------------------------------------X

14 Civ. 4099 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/15

PAUL A. ENGELMAYER, District Judge:

In this copyright infringement action, the Court has received several letters regarding a Rule 68 Offer of Judgment (the "offer") served on plaintiff Charles Wallert by defendant Universal Music Publishing ("Universal Music"). Dkt. 64–66. Wallert also requests leave to file a Third Amended Complaint, Dkt. 66, and defendants Sony Music Holdings Inc. ("Sony) and Universal Music request extensions of their time to respond, Dkt. 67–68. The Court here addresses both issues.

## I.    Rule 68

Federal Rule of Civil Procedure 68 provides, in relevant part:

> [A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . An unaccepted offer is considered withdrawn, but it does not preclude a later offer.

Fed. R. Civ. P. 68(a)–(b).

"Rule 68 is a cost-shifting rule designed to encourage settlements without the burdens of additional litigation." *Stanczyk v. City of New York*, 752 F.3d 273, 280 (2d Cir. 2014) (quoting *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 229 (2d Cir. 2006)); *see also Marek v. Chesny*, 473 U.S. 1, 5 (1985) ("The plain purpose of Rule 68 is to encourage settlement and

avoid litigation."). "A rejected Rule 68 offer becomes part of the written record of the case and is used to determine attorneys' fees and costs awards at the close of the suit. If the judgment or settlement ultimately obtained by plaintiff is less than the Rule 68 offer, plaintiff cannot recover attorneys' fees or costs from the date the offer was made to the end of the suit." *Boorstein v. City of New York*, 107 F.R.D. 31, 33 (S.D.N.Y. 1985). Further, if the plaintiff (here, Wallert) cannot establish greater damages than those offered by the defendant (Universal Music), under Rule 68, he will be obligated to compensate that defendant for "the costs [it] incurred after the offer was made." *Boutros v. JTC Painting & Decorating Corp.*, 989 F. Supp. 2d 281, 286 n.2 (S.D.N.Y. 2013); *see also Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361–62 (S.D.N.Y. 2006), *aff'd,* 249 F. App'x 845 (2d Cir. 2007) (summary order).

Wallert asks the Court either to deem ineffective the January 12, 2015 Rule 68 offer served on him by Universal Music or to adjourn the effective date of the offer until the close of discovery. Wallert contends that, until discovery is complete, he will be unable to determine with full information whether to accept Universal Music's offer as reasonable. Dkt. 64, at 2. To support this request, Wallert relies on one case: *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365 (4th Cir. 2012). *Warren*, however, is inapposite. At issue there was whether, as the district court held, a pre-discovery Rule 68 offer of judgment mooted plaintiff's case, on the ground that it represented plaintiffs' maximum potential recovery. The Fourth Circuit held that it did not because, while defendants had offered the maximum amount of statutory damages, they had not necessarily offered the maximum amount of actual damages, a figure which, pending the close of discovery, was unknown. *See id.* at 370–73. *Warren* did not, however, limit the right of a defendant to make a pre-discovery Rule 68 offer. Nor did it hold that a plaintiff has a right, over a defendant's objection, to void or to seek to extend the expiration date of such an offer.

Notably, nothing in the text of Rule 68 itself supports allowing a plaintiff to unilaterally modify the expiration date of a defendant's offer.

Separately, in a policy argument in support of his request that the Rule 68 offer be voided, Wallert argues that the risk he would run were he to reject the offer—*i.e.*, potentially having to absorb Universal's post-offer costs—has the potential to "intimidate a plaintiff into accepting an offer that may be vastly out of proportion to the damages it could recover." Dkt. 64, at 2. That argument is unpersuasive as a basis for the relief Wallert seeks. "To be sure, application of Rule 68 . . . require[s] plaintiffs to 'think very hard' about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates." *Marek*, 473 U.S. at 11. But, "[m]erely subjecting . . . plaintiffs to the settlement provision of Rule 68 does not curtail their access to the courts, or significantly deter them from bringing suit." *Id*. at 10. Rather, "Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits." *Id.* Put differently, much as Universal Music's decision to make a unilateral offer exposed itself to a risk—that the offer, if accepted, could exceed the damages it might one day be awarded were this litigation to continue—so, too, is Wallert presented with a risk: that rejecting the offer and prolonging this litigation may result, should a judgment fall short of the Rule 68 offer, in his having to absorb Universal's post-offer costs. That is how Rule 68 works. That Wallert is presented with a hard choice, however, does not make it unlawful for Universal Music to put him to that choice. The Court therefore declines to deem ineffective the January 12, 2015 offer.

The Court also declines to grant Wallert's request for extension of time to accept the Rule 68 offer. *See, e.g.*, *Leach v. Northern Telecom, Inc.*, 141 F.R.D. 420, 428 (E.D.N.C. 1991) (denying plaintiff's motion to toll the period in which she may accept the Rule 68 offer); *Staffend*

*v. Lake Central Airlines, Inc.*, 47 F.R.D. 218, 219–20 (N.D. Ohio 1969) (holding that permitting an extension of time to accept would defeat the intent of Rule 68). In *Pineda v. American Plastics Technologies, Inc.*, the district court for the Southern District of Florida held that under Rule 6(b), a court could grant an extension of time to accept, but only where "no other litigation costs would be incurred." No. 12 Civ. 21145 (EGT), 2014 WL 1946686, at *9 (S.D. Fla. May 15, 2014). Here, however, Wallert is requesting that the time to accept be extended until the close of discovery. During that period, litigation costs, potentially quite substantial ones, would undoubtedly be absorbed by both parties. Wallert's request that the Court adjourn the effective date of the offer until the close of discovery is, therefore, denied.

The Court will, however, extend the offer until next Monday, February 9, 2015, at 5 p.m. The Court does so to reflect the fact that, although the parties' letters with respect to the Rule 68 issue were received prior to the expiration date of that offer, this decision post-dates it. The Court assumes that Wallert may have foregone considering the Rule 68 offer pending the outcome of his application to the Court either to deem the offer ineffective or to extend it. The limited extension granted here will give Wallert the opportunity to consider the pending offer, now apprised that the Court has denied his applications.

**II.     Leave to Amend**

Under Federal Rule of Civil Procedure 15(a)(2), "[a] court should freely give leave [to amend] when justice so requires." Fed. R. Civ. 9. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Although leave to amend is "liberally granted," it may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

4

the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Universal Music opposes Wallert's request for leave to file a Third Amended Complaint. It contends that Wallert had agreed to settle his claims against Universal Music, but rather than signing the agreement, Wallert filed a request, via letter motion, to file a Third Amended Complaint without any notice to defendants. Dkt. 68, at 1–2. Universal Music also notes that Wallert failed to comply with ECF Rule 13.1, which does not permit parties to request, by letter motion, for leave to file an amended complaint. Dkt. 68, at 1. Because Wallert has not complied with Rule 13.1 (nor with Local Rule 7.1(d) and Individual Rule 3.I), the Court denies Wallert's letter motion for leave to file a Third Amended Complaint. Should Wallert still desire to file a Third Amended Complaint, he must file a notice of motion, a memorandum of law, and any supporting affidavits or exhibits, including his proposed amended complaint, in compliance with Local Rule 7.1. To expedite this litigation, the Court directs Wallert, should he decide to file such a motion, to do so by February 18, 2015.

In the interest of efficiency, defendants' deadline to respond to Wallert's Second Amended Complaint by February 9, 2015, is, therefore, adjourned. In the event Wallert does not file a motion to file a Third Amended Complaint, defendants' deadline to move against the present Second Amended Complaint will be March 11, 2015. In the event that Wallert does file such a motion, and it is denied, defendants will be permitted three weeks after denial of that motion to move against the Second Amended Complaint. In the interest of setting uniform deadlines for all the defendants, these deadlines shall apply as well to all other defendants.

The Clerk of Court is directed to terminate the motions pending at docket numbers 67 and 68.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: February 5, 2015
       New York, New York